IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNIE CEPHUS FENN, JR.,735082,:

    Plaintiff,                      :

vs.                                  : CIVIL ACTION 18-0186-KD-M

SERGEANT DAVIS, *et al.*,     :

    Defendants.                  :

REPORT AND RECOMMENDATION

Plaintiff Johnnie Cephus Fenn, Jr., a Mobile County Metro Jail ("Metro Jail") inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983.[1]  His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  Upon consideration of the proceedings, it is recommended that prior to service of process, this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

On April 16, 2018, Plaintiff filed his complaint on this Court's § 1983 complaint form, which warns a plaintiff that if his address changes for any reason, he must advise the Court

---

[1] When Plaintiff filed the present Complaint, he filed another § 1983 complaint, *Fenn v. Stalworth,* CA 18-0184-KD-M, which was recommended for dismissal on September 25, 2018.  (Doc. 7).

immediately of his new address in order to avoid the dismissal of his action for failure to prosecute and to obey the Court's order. (Doc 1 at 7). On June 29, 2018, the Court sent an order to Fenn to pay the $400 filing/administrative fee or to complete and file a motion to proceed without prepayment of fees because neither was done when filed his Complaint. (Doc. 2 at 1-2). The order was sent to him at the Metro Jail and was returned to the Court with a notation on the envelope "Return to Sender No Longer Here." (Doc. 3). Thereupon, the Court examined the websites for the Mobile County Sheriff's Office/Metro Jail and the Alabama Department of Corrections and discovered that he was not in either's custody. Plaintiff did not advise the Court of a change of address, nor does the Court's file contain another address for him.

    A court has the inherent authority to dismiss an action *sua sponte* for lack of prosecution through the powers vested in it to manage its affairs. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A court is vested with this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*,

556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted).

Due to Plaintiff's failure to prosecute this action by advising the Court of his new address, and upon consideration of the Court's inherent power and of alternatives that are available to it in light of Plaintiff's unavailability, it is recommended that this action be dismissed without prejudice as no other lesser sanction will suffice. *Link*, 370 U.S. at 630, 82 S.Ct. at 1388-89. The Clerk is directed to send this Report and Recommendation to Plaintiff at the last address that he provided to the Court, the Metro Jail.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 28th day of September, 2018.

/s/ BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE